GREGORIO MUÑOZ ET AL., Plaintiffs and Appellees, v. VICENTE MONTAÑEZ, Defendant and Appellant.

No. 4241. Argued January 20, 1928.—Decided February 14, 1928.

*J. Texidor, D. Pellón Jr.* and *Antonio Ayuso* for the appellant.
*José E. Torres* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On the 16th of November, 1926, Gregorio Muñoz and others brought proceedings in the district court of San Juan for an injunction against Vicente Montañez under the provisions of Act No. 43 of 1913, as amended in 1917, commanding him to abstain from repeating the acts which he had been committing or from doing similar acts in relation to property belonging to the plaintiffs and to leave the plaintiffs in peaceful possession of the said property.

The court immediately issued an order which in its pertinent part reads as follows:

"November 29, 1926, at 9 a. m., is hereby set for the hearing of this case, and summons should be served on the defendant as provided in Act No. 43 of 1913."

The text of the summons is as follows:

"To VICENTE MONTAÑEZ, the aforesaid defendant.—YOU ARE HEREBY NOTIFIED that there has been filed in the office of the clerk of the district court for the judicial district of San Juan, Porto Rico, the complaint of the said plaintiffs praying the court to issue a writ of injunction commanding you to abstain from building any fences, making any surveys and doing any other similar act to disturb the plaintiffs in their actual possession of twenty-five acres of land, part of a larger property bounded on the north by lands of Arturo Michel, on the south by the Salada brook, on the east by lands of Mr. Filbrick and on the west by properties of Sordini, Pilar Rosa, Plácida Marrero, Manuel Sinforoso Pérez and Obdulia Morales, situated in the ward of Candelaria of Toa Baja.—The attorney for the plaintiffs is José G. Torres, office No. 5 Tetuán Street, San Juan.—And you are hereby notified that in accordance with the provisions of the law in force on the matter the court has set November 29, 1926, at 9 a. m., for the hearing of this case. Issued

under my signature in San Juan, Porto Rico, this the 16th of November, 1926.—(Signed) Luis Vergne Ortiz, Clerk.''

Service of the summons was made personally by delivering a copy of it and of the complaint to the defendant.

On the day set for the hearing the parties appeared and the defendant moved that the summons be quashed because it did not comply with the provisions of section 89 of the Code of Civil Procedure in that it did not state the time allowed the defendant in which to answer, or warn him that if he failed to answer judgment would be entered against him and in what terms. The motion was overruled and the 8th of December was set for proceeding with the hearing of the case.

The defendant failed to appear on the new day set for the hearing. The plaintiffs read their pleadings, introduced their evidence and submitted the case without argument. On December 27, 1926, after considering the pleadings and the evidence the court entered judgment for the plaintiffs and consequently ordered the issuance of the writ of injunction as prayed for.

The defendant did not acquiesce in the judgment and has taken the present appeal. Two errors are assigned, the second being a consequence of the first, for if the summons was void, necessarily the court had acted without jurisdiction.

The theory of the appellant is based on the contention that the summons referred to in section 3 of Act No. 43 of 1913 must comply with all of the requirements of the Code of Civil Procedure for summonses in civil cases.

This is a special proceeding of a summary nature and the section invoked reads: ''That the court shall set a date for a hearing upon such complaint, which date shall be within the following fifteen days, and that the defendant shall be summoned at least eight days prior to the date set for such hearing.'' That is all.

The law makes no mention of an answer and therefore no admonition to that effect is necessary. Nor does it speak of warning that in case the defendant should not appear judgment will be taken against him without further summons or hearing, as in the case of unlawful detainer.

The summons contains all that is needed for compliance with the purpose of the Legislature. That purpose is no other than to afford a hearing for an immediate determination of the matter in litigation, giving to the defendant an opportunity to plead such defenses as may be just and proper, without the necessity of first filing a written answer. Section 4 of the Act provides "That all motions or demurrers shall be filed and heard at the time of said hearing," and section 5 adds "That the court shall render judgment without undue delay."

Moreover, in this particular case the defendant was not only duly summoned for the hearing at which he appeared, but was given the opportunity of a new hearing when his motion to quash was overruled. At the new hearing judgment was rendered not only on the complaint, but evidence was properly introduced and both the pleadings and the evidence were considered.

By virtue of the foregoing we understand that the summons is valid and the court had jurisdiction. The evidence is not included in the statement of the case.

The judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.